IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CORYELL TAYLOR**                                                                             **PETITIONER**

**v.**                                                 **CIVIL ACTION NO.: 3:21-cv-506-DPJ-MTP**

**HECTOR PORTILLO**                                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 filed by Petitioner Coryell Taylor and Respondent's Motion to Dismiss [6] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [6] be granted and the Petition [1] be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

On May 20, 2004, Petitioner was convicted of two counts of armed robbery and one count of aggravated assault in the Circuit Court of Hinds County, Mississippi. *See* [6-1]. The Circuit Court sentenced Petitioner to serve concurrent 35-year terms in the custody of the Mississippi Department of Corrections for each count of armed robbery, and 20-years on the aggravated assault count, to run consecutively to the concurrent 35-year sentences. *Id.*

With the assistance of counsel, Petitioner appealed his convictions and sentences to the Mississippi Supreme Court which assigned the case to the Mississippi Court of Appeals. On May 26, 2005, the court of appeals denied Petitioner's *pro se* request for a copy of his trial transcript and to file a supplemental brief, explaining that Petitioner was represented by counsel and that all briefs had been filed. *See* [6-2]. On December 13, 2005, the court of appeals affirmed the trial court's judgment in a written opinion. *See Taylor v. State*, 930 So.2d 1268 (Miss. Ct. App. 2005),

1

*reh'g denied*, June 6, 2006 (2004-KA-01575-COA). Petitioner moved for a rehearing which was denied by the court of appeals on June 6, 2006. *Id*; [7-1] at 260.

Petitioner did not file a petition for writ of certiorari with the Mississippi Supreme Court. Accordingly, Petitioner's convictions and sentences became final on June 20, 2006, when the fourteen-day period to seek further review from the state court expired. *See* Miss. R. App. P. 17(b).

Fifteen years later, on August 4, 2021, Petitioner filed the instant Petition for Writ of Habeas Corpus [1] in this Court. On October 21, 2021, Respondent moved to dismiss the Petition as untimely. *See* [6]. As Petitioner has filed his Response [8] and Respondent has replied, this matter is now ripe for review.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit has clarified the manner of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A):

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

As Petitioner's convictions became final on June 20, 2006, his federal habeas petition was due in this Court by June 20, 2007 (one year from the expiration of time Petitioner had to seek further review in state court). Petitioner did not file his habeas petition in this Court until August 4, 2021, more than fifteen years after the judgment became final. Accordingly, the Petition is untimely unless the one-year statute of limitations is tolled by statute or for equitable reasons. *See* 28 U.S.C. § 2244(d).

**Statutory Tolling**

Statutory tolling is determined by 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. Petitioner filed four separate documents with the Mississippi Supreme Court that the court construed as relating to post-conviction relief, all of which were denied. *See* [6-4]; [6-5]; [6-6]; [6-7].

Two years after Petitioner's convictions became final, on November 26, 2008, Petitioner filed his first request for post-conviction relief arguing that he was denied the right to a speedy trial. *See* [7-2] at 16-22.  On May 28, 2009, Petitioner filed a request for an extension of the time to file a post-conviction collateral relief motion, which was denied as the court found that Petitioner had already filed a motion for post-conviction relief. *See* [7-2] at 13; [6-5]. On August 30, 2013, Petitioner filed another request which the Court interpreted as an application for post-conviction relief. This application was also denied and "barred as a successive writ." [7-2] at 3-8; [6-6]. On January 22, 2021, Petitioner filed a fourth document construed as a request for post-conviction collateral relief which was denied as "successive" and "frivolous." *See* [7-3] at 4-7; [6-7].

As Petitioner's first application for post-conviction collateral relief was filed well after the one-year statute of limitations had expired, none of these requests for relief toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired*); see also Jenkins v. Csaszar*, No. 3:19CV864-CWR-RHW, 2020 WL 2120414, at *2 (S.D. Miss. Mar. 25, 2020), *report and recommendation adopted*, No. 3:19-CV-864-CWR-RHW, 2020 WL 2114367 (S.D. Miss. May 4, 2020) ("An application for state post-conviction relief filed outside the limitations period does not affect the one-year time bar for federal habeas relief; it does not toll the limitation period under § 2244(d)(2).").

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner,

4

however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Liberally construing the Petition [1], Petitioner appears to argue that he was denied due process in the direct appeal of his criminal conviction when the court of appeals denied his request for a trial transcript so that he could submit a supplemental *pro se* brief after counsel filed a brief on his behalf. Petitioner claims that the decision of the appeals court is somehow void as a result of this denial and that the instant Petition should not be time-barred as a result. *See* [1] at 5; [8] at 3.

While Petitioner claims that his due process rights were violated on appeal, he provides no real basis to support his contention that either his conviction or unsuccessful appeal is based on a "void" judgment.  He appears to make this claim in an attempt to circumvent the AEDPA limitations period, but courts have uniformly rejected the argument that the statute of limitations may be avoided by labelling a conviction as void. *See Sherman v. Thaler*, No. H-09-1409, 2010 WL 1994348, at *2 (S.D. Tex. May 17, 2010) ("Although a petitioner's claim that his conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutorily or equitably tolling the AEDPA limitations period under either existing case law or provisions of the federal statute itself."); *see also Nortonsen v. Reid,* 133 F. App'x 509, 510–11, 2005 WL 1253964, at *1–2 (10th Cir. 2005) (denying certificate of appealability to petitioner who asserted that sentence was "void" and therefore not subject to the AEDPA limitation period).

Additionally, Petitioner's due process claims regarding his appeal fifteen years ago are not the kind of rare and exceptional circumstances that would justify equitable tolling. *See Williams v. Shaw*, No. 3:20-CV-778-DPJ-LGI, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021) ("AEDPA has no exception for constitutional claims and expressly precludes them if they

5

are filed too late."); *Fisher*, 174 F.3d at 713. Petitioner has not plead that he was actively misled by the state or that he was prevented in some extraordinary way, or in any way, from asserting his rights.

Nothing in the record indicates that Petitioner has been diligently pursuing his rights. After his judgment became final, Petitioner waited more than two years to move for post-conviction relief and more than fifteen years to file the instant petition. Petitioner has not established that he should receive the benefit of equitable tolling.

## CONCLUSION

Petitioner's state court convictions became final on June 20, 2006. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal habeas petition by June 20, 2007. Petitioner filed his Petition [1] on August 4, 2021, more than fourteen years after the deadline. Petitioner has failed to establish that he is entitled to statutory or equitable tolling. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [6] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the

matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This the 13th day of April, 2022.

                                                  s/Michael T. Parker
                                                UNITED STATES MAGISTRATE JUDGE